IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Maxine Brown-Sartor, *on behalf of* A. B. *Minor Child*; Alexis Carberry Benson, *on behalf of* A. B. *Minor Child*,<br><br>     Plaintiffs,<br><br>vs.<br><br>Greenville County School District; SCDOE, *by/through Ellen Weaver other Ellen Weaver*; Burke Royster *as a representative of Greenville County School District and individually*; Traci Hogan, *as a representative of Greenville County School District and individually*; Tracy Burns, *as a representative of Greenville County School District and individually*; Amy Mims, *as a representative of Greenville County School District and individually*; Brian Murphy, individually,<br><br>     Defendants. | Civil Action No. 6:23-cv-5029-TMC<br><br>**ORDER** |

  Plaintiffs Maxine Brown-Sartor and Alexis Benson, proceeding *pro se* and *in forma pauperis*, (ECF No. 33), brought this action against the above-captioned defendants, (ECF No. 1). Given their *pro se* status, this case was automatically referred to a magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Now before the court is the magistrate judge's second report and recommendation ("Second Report"), recommending the court dismiss claims brought on behalf of A.B. without prejudice and dismiss the remainder of this action with prejudice, without further leave to amend, and without issuance

and service of process. (ECF No. 40). Plaintiffs filed objections to the Report, (ECF No. 44), and this matter is ripe for review. A hearing is not necessary to issue a ruling. Local Civ. Rule 7.08 (D.S.C.).

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

At the time of the events in question, Plaintiff Brown-Sartor's minor child, A.B., was "a 10th grade student with a diagnosis/classification of Autism (ASD), Other Health Impairment (OHI) and Specific learning disabilities (SLD) which include but are not limited to dyslexia and auditory and language processing disorder." (ECF No. 1 at 2). A.B. has had an individualized education program ("IEP") for most of the time she has attended public school; however, her mother filed a due process complaint, challenging the IEP on the basis that "it was inadequate to meet A.B.'s needs." *Id*. Plaintiff Brown-Sartor "lost" at the initial hearing before local hearing officer ("LHO") Defendant Brian Murphy, but she was partially successful on appeal "with . . . a partial reversal of the time concerns with [extended school year] but not the methodology." *Id*. Thereafter, Plaintiff Brown-Sartor and Plaintiff Benson, who is described as Plaintiff Brown-Sartor's "Special Education Advocate,"[1] brought this action in federal court pursuant to 20 U.S.C. § 1415.

In their complaint, Plaintiffs dispute whether A.B. is receiving a free appropriate public education ("FAPE") (ECF No. 1 at 4-17), raise concerns as to the hearing before Defendant Murphy (*id*. at 17-22), and claim that language was added to the website "ED.gov" without Congress' approval (*id*. at 20-21). They bring causes of action for: "willful gross negligence"; "Conspiracy and 1. 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and Obstruction"; "Defamation/Libel 28 U.S. Code § 4101"; "Obstruction of Justice 18 U.S.C. § 1503"; "Laundering 18 U.S.C. §

---

[1] (ECF No. 1 at 1).

1956/1957 & 18 U.S. Code Chapter 31 – Embezzlement and Theft"; "United States Constitutional Amendment Violations 1st, 6th, 7th, 8th[,] 10th[,] and 11th[,] 14th"; "Title II of the ADA, Section 504 of the Rehabilitation Act"; and "IDEA violations." *Id*. at 22-52. With their sixty-one-page complaint and accompanying exhibits numbering over one hundred pages, Plaintiff Brown-Sartor filed a motion for leave to proceed *in forma pauperis*, (ECF No. 2), and proposed service documents, (ECF No. 5).[2]

On November 30, 2023, the magistrate judge issued a proper form order, wherein he indicated that the complaint appears to only raise claims brought on behalf of A.B. (ECF No. 9). As neither plaintiff is an attorney licensed to practice in South Carolina, the magistrate judge instructed them to find counsel to represent A.B. *Id*. at 2. He warned Plaintiffs that, if a notice of appearance is not filed within twenty-one days of the order, he would recommend the case be dismissed. *Id*. The magistrate judge also gave Plaintiffs twenty-one days to file an amended complaint in compliance with this order.[3] *Id*. He noted that Plaintiffs attempted to file a proposed amended complaint, which included a motion to appoint counsel; however, these documents were returned to Plaintiffs unfiled as the proposed amended complaint did not comply with the

---

[2] Shortly thereafter, Plaintiffs filed a "motion for emergency judgment," (ECF No. 7), which this court construed as a motion for a preliminary injunction and a temporary restraining order. The magistrate judge issued his first report and recommendation ("First Report"), recommending the undersigned deny the motion. (ECF No. 10). Plaintiffs filed objections to the First Report, (ECF Nos. 12, 16), and the undersigned adopted the First Report and denied the motion as set forth in the order at ECF No. 19.

[3] Specifically, the magistrate judge indicated the amended complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; be either legibly handwritten or typed in black ink; have text on one side of the paper only; contain one inch margins; be on white paper measuring 8 ½ x 11 inches; and be no more than thirty-five pages. *Id*.

3

requirements set forth in the order.[4] *Id*. Additionally, he set forth additional steps needed to bring this case into proper form, including that *each* plaintiff needed to submit a request to proceed *in forma pauperis*. *Id*. at 3. The magistrate judge warned Plaintiffs that, if they fail to comply with this order, the case may be dismissed for failure to prosecute and failure to comply with a court under Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Id*. at 2-3. Though their motion was never filed, he denied their motion to appoint counsel for the reasons set forth in his order. *Id*. at 1. In response, Plaintiffs filed a letter expressing their dissatisfaction with the return of their proposed amended complaint, but they made no attempt to file an amended complaint in compliance with the order. (ECF Nos. 18, 21).

On December 28, 2023, the magistrate judge issued another order, giving Plaintiffs an additional ten days to file an amended complaint and bring the case into proper form. (ECF No. 22). Plaintiffs subsequently filed their Local Rule 26.01 Answers to Interrogatories, (ECF Nos. 24, 27), motions to proceed *in forma pauperis*, (ECF Nos. 25, 28), and what has been docketed as a reply to the magistrate judge's order denying their motion to appoint counsel, (ECF No. 26).[5]

---

[4] The magistrate explained the proposed amended complaint numbered seventy pages, with some pages "containing random print on both sides of the page," referenced the original exhibits provided, which number more than one hundred pages, and purported to add additional exhibits. (ECF No. 9 at 2). The magistrate judge further noted that the allegations in this proposed amended complaint that was returned to Plaintiffs unfiled contained only claims on behalf of A.B., which may not be brought by *pro se* Plaintiffs.

[5] In this filing, Plaintiffs rehash a number of arguments raised in their earlier filings, including their position that their motion for a preliminary injunction and TRO should have been granted. (ECF No. 26). Notably, however, Plaintiffs also object to the magistrate judge's ruling denying their motion to appoint counsel and stating that a magistrate judge "can only render Recommendations to the District Judge to not appoint counsel." *Id*. at 1. Accordingly, the court will construe this filing as objections made pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. This Rule provides, in relevant part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct

However, Plaintiffs never retained counsel to proceed on the causes of action concerning A.B. and, while they have continued to reference the unfiled proposed amended complaint, they never filed an amended complaint in compliance with the proper form orders.[6] Still, the magistrate judge

---

the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Here, the magistrate judge issued his order denying Plaintiffs' motion to appoint counsel on November 30, 2023. (ECF No. 9). The objections at ECF No. 26 were not filed until January 8, 2024, which is well beyond the 14 days set forth under Rule 72. However, because Plaintiffs appear to have objected to the magistrate judge's ruling on their motion in earlier filings, (*see e.g.*, ECF No. 16, which was filed within the fourteen days of the aforementioned order), the court will review the magistrate judge's order denying their motion to appoint counsel.

"The power to appoint [counsel] is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). When determining whether a case presents exceptional circumstances, the court must "determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.' If both questions are answered affirmatively, the case presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163) (internal citations omitted). Even assuming Plaintiffs present colorable claims, Plaintiffs have failed to establish they lacks the capacity to present their claims. Indeed, Plaintiffs provide they have been successful in pursuing similar claims without counsel, and they provide no explanation as to why they believe they lack the capacity to adequately present the claims raised herein. (ECF No. 26 at 3). Accordingly, the court finds Plaintiffs failed to demonstrate the requisite findings to appoint counsel and, therefore, declines to set aside the magistrate judge's order on the motion as the court cannot find that the order was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see, e.g., Hammock v. Watts*, 146 F.4th 349, 368 (4th Cir. 2025) (ordering the district court to appoint counsel on remand because the plaintiff had pled "colorable claims sufficient to survive a motion to dismiss" and had demonstrated he "lack[ed] the capacity to adequately present his claims").

[6] One of the defendants, the Greenville County School District, did file a separate action against Plaintiff Brown-Sartor, challenging a ruling of the SRO. *Greenville Cnty. Sch. Dist. v. Brown-Sartor*, No. 6:23-cv-05162-TMC (D.S.C.) (hereinafter "Second Case"). Plaintiffs filed a motion in the instant case to consolidate this case with the Second Case, (ECF No. 30), and the magistrate judge denied the motion, (ECF No. 31).

issued another order, (ECF No. 35), informing Plaintiffs that, as presented, their complaint is subject to summary dismissal. He gave them another opportunity to correct the noted defects in their complaint and noted that the failure to comply with the limits prescribed in the order concerning the amended complaint may result in a recommendation that this case be dismissed under Rule 41 of the Federal Rules of Civil Procedure. *Id*. at 12. Plaintiffs, however, failed to file an amended complaint in compliance with the order.[7]

## REPORT AND RECOMMENDATION

In the Second Report, the magistrate judge determined that, while the complaint purports to allege several causes of action on behalf of minor child A.B., neither Plaintiff Benson nor Plaintiff Brown-Sartor can represent A.B. in this action as neither plaintiff is an attorney. (ECF No. 40 at 9). Accordingly, he recommends any claims brought by A.B. be summarily dismissed *without* prejudice. *Id*. at 10, 12. As to Plaintiff Benson, the magistrate judge concluded her claims against Defendant Murphy are subject to dismissal because, as the LHO, Defendant Murphy has judicial immunity for the actions giving rise to her claims. *Id*. at 5-6. He found that, to the extent Plaintiffs purport to bring claims pursuant to federal criminal statutes for obstruction of justice and/or money laundering, embezzlement, and theft, such claims are frivolous and likewise subject to summary dismissal as, among other reasons, private citizens may not enforce criminal law. *Id*.

---

[7] Instead, they filed a letter indicating a "2nd civil complaint" had been filed. (ECF No. 38). In reviewing Plaintiffs' subsequent filings in this case and in the Second Case, it appears that Plaintiffs thereafter asserted the "2nd civil complaint" was possibly a complaint for yet a third case. (ECF No. 44 at 3). If so, and in an abundance of caution, this order shall be without prejudice to the ability to file such action or seek appropriate relief as to the docketing of such filing consistent with applicable law. The court takes this opportunity to remind Plaintiffs that, while the court endeavors to construe *pro se* filings liberally, the court has limited judicial resources available, and, due to the volume of civil and criminal related filings submitted each day, the court is not in a position to comb through filings and correspondence to parse out all possible claims, which are required to be set forth in a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).

at 6-7. Regarding Plaintiffs' section 1983 claims, the magistrate judge recommended those claims be dismissed as well, noting the allegations in support of such claims are conclusory and that the Fourth Circuit Court of Appeals has recognized that "'because IDEA provides a comprehensive remedial scheme for violations of its own requirements, . . . the parties may not sue under section 1983 for an IDEA violation.'" *Id*. at 7 (quoting *Sellers v. Sch. Bd. of Mannassas, Va.*, 141 F.3d 524, 529 (4th Cir. 1998)). As to Plaintiffs' IDEA FAPE claim, the magistrate judge determined that, although Plaintiff *Brown-Sartor* may individually pursue a claim that A.B. was denied a FAPE, Plaintiffs' complaint fails to set forth sufficient allegations to state an IDEA FAPE claim. *Id*. at 10-12. The magistrate judge also found Plaintiffs' section 1985 and 1986 claims subject to summary dismissal because they were supported by only "vague and conclusory allegations of a conspiracy." *Id*. at 8. The magistrate judge determined Plaintiff's remaining claims, including those regarding the ed.gov website being illegally updated, are subject to dismissal for frivolousness. *Id*. at 8.

In addition to the reasons set forth above, the magistrate judge found the action was subject to dismissal pursuant to Fed. R. Civ. P. 41(b) given Plaintiffs' failure to comply with the court's orders despite being warned that failure to do so may result in the dismissal of their case. (ECF No. 40 at 12). Accordingly, the magistrate judge recommends the undersigned dismiss the causes of action on behalf of minor child A.B. *without* prejudice and that he dismiss the remaining claims *with* prejudice, without further leave to amend, and without issuance and service of process. *Id*. Plaintiffs filed objections to the Second Report. (ECF No. 44).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th

7

454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

Additionally, since Plaintiffs are proceeding *pro se*, this court is charged with construing their filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however,

8

that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

Plaintiffs' objections begin with a dispute as to whether Defendant GCSD properly served Plaintiff Brown-Sartor in the Second Case. (ECF No. 44 at 4-5). Since the service of the complaint in *that case* is not dispositive or relevant to the issues before the court in *this case*, such objections are overruled. Plaintiffs next reiterate their request for the appointment of counsel and assert that "the court consciously choosing not to appoint counsel despite [Plaintiffs] being victorious in the administrative hearing and appeal process, is nothing less than obstruction of justice and will be considered and treated as such." *Id*. at 5-6. For the reasons set forth in footnote five of this order, these objections are likewise overruled. Plaintiffs also object to the magistrate judge's finding that they are unable to represent A.B. *Id*. at 12-13. While the magistrate judge recognized that Plaintiff Brown-Sartor may bring a claim on her own behalf under the IDEA challenging whether A.B. was denied a FAPE,[8] he explained she could not allege claims *on A.B.'s behalf* while proceeding *pro se*. (ECF No. 14 at 11). The undersigned agrees with the magistrate judge, and Plaintiffs' objections as to this issue are overruled.

As to Plaintiffs' remaining objections, (ECF No. 44 at 6-12), which purportedly address

---

[8] *See Winkelman v. Parma City School Dist.*, 550 U.S. 516, 535 (2007) (recognizing "[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims *on their own behalf*") (emphasis added).

9

the magistrate judge's finding that Plaintiffs' claims are subject to dismissal, the court finds Plaintiffs have failed to set forth any basis for deviating from the magistrate judge's recommendation. For example, in appearing to object to the magistrate judge's finding that Plaintiff Brown-Sartor failed to state an IDEA FAPE claim after noting "the complaint contains a litany of rambling and vague allegations," (ECF No. 40), Plaintiffs simply quote the text from a federal regulation, (ECF No. 44 at 11-12). They make no effort to explain why the allegations set forth in their complaint are sufficient to plead an IDEA claim.

## CONCLUSION

Accordingly, having reviewed the Second Report and objections in accordance with the standard set forth above, the court **ADOPTS** the recommendation in the Second Report, (ECF No. 40), and **OVERRULES** Plaintiffs' objections, (ECF No. 44). Plaintiffs' claims brought on behalf of A.B. are dismissed without prejudice. Plaintiffs' remaining claims are dismissed with prejudice and without leave for further amendment.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

December 12, 2025
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.